## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankruptcy No. 13-21415-CMB |
| **FLABEG SOLAR US CORPORATION,** | Chapter 11 |
| Debtor. | |
| **FLABEG SOLAR US CORPORATION,** | |
| Plaintiff, | Adv. Proc. No. 15-2149-CMB |
| v. | |
| | Related to Doc. Nos. 49, 55 123 |
| **DAVID BUSBY,** | |
| **AMERICAN INTERNATIONAL** | |
| **DEVELOPMENT, LLC,** | |
| Defendants. | |

### MEMORANDUM OPINION

The above-captioned adversary proceeding was commenced by Flabeg Solar US Corporation ("Debtor") on July 30, 2015. Within Debtor's *Amended Adversary Complaint* ("Amended Complaint," Doc. No. 49), Debtor alleges that David Busby and American International Development, LLC ("Defendants") took possession of Debtor's property without payment.[1] The Amended Complaint seeks recovery on the basis of unjust enrichment and turnover. The matter presently before the Court is Defendants' *Motion to Dismiss Amended Adversary Complaint* ("Motion to Dismiss," Doc. No. 55) pursuant to Fed.R.Civ.P. 12(b)(1) and (6), made applicable to adversary proceedings by Fed.R.Bankr.P. 7012. Upon consideration of the Amended

---

[1] Pursuant to 28 U.S.C. §§1334(b) and 157(a), this Court has subject matter jurisdiction over this proceeding. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

1

Complaint, the Motion to Dismiss, the response thereto, the parties' briefs, and for the reasons set forth herein, this Court finds that the Motion to Dismiss must be granted.[2]

Standard

When faced with a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must determine if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, the well-pleaded facts are separated from legal conclusions to determine if the alleged facts demonstrate an entitlement to relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Typically, if matters outside of the pleadings are considered by the Court, a motion to dismiss must be treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(d); however, there are exceptions to the general rule:

> First, a court is permitted to consider documents "integral to or explicitly relied upon in the complaint" in ruling on a motion to dismiss. "Plaintiffs cannot prevent a court from looking at the texts of the documents on which [their] claim is based by failing to attach or explicitly cite them." Second, the court may rely on "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Third, the court may rely on public records (if undisputed) such as criminal case dispositions, letter decisions of government agencies and published reports of administrative bodies. The rationale behind these exceptions is that the plaintiff is already on notice of the documents in these situations, and as such is not prejudiced by their consideration on a motion to dismiss.

---

[2] The Motion to Dismiss was filed by Defendants' former counsel. Prior to Defendants' deadline to file a reply brief, Defendants' counsel withdrew. *See* Doc. Nos. 79 and 82. The Court provided an extension of time to file a reply brief. *See* Doc. No. 120. Rather than filing a brief, Defendant Busby filed a pro se *Motion to Dismiss Adversary Complaint* (Doc. No. 123). The pro se motion is rendered moot for the reasons set forth herein.

*See Lewis v. Allegheny Ludlum Corp.*, No. 11-1619, 2012 WL 1328360, at *2, 2012 U.S. Dist. LEXIS 53620, at *6-*7 (W.D.Pa. Apr. 17, 2012) (internal citations omitted). Here, the pending motion is resolved as a motion to dismiss under Fed.R.Civ.P. 12(b).

In addition, Defendants contend that Debtor lacks standing to bring this action requiring dismissal. As standing is a jurisdictional matter, the motion is properly brought pursuant to Fed.R.Civ.P. 12(b)(1). *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). It is Debtor's burden, as plaintiff, to demonstrate the elements of standing. *Id.* As is the case with the analysis pursuant to Fed.R.Civ.P.12(b)(6), the Court accepts as true all material allegations in the Amended Complaint and construes those facts in favor of the Debtor as the non-moving party. *Id.*

Factual Background

Prior to the filing of the bankruptcy case, Debtor manufactured two coat primary mirror assemblies used for commercial solar power generation. *See* Amended Complaint, at ¶6. As of the commencement of the case, Debtor had 14,881 of these mirrors (the "Mirrors") in stock and ready for shipment at its business facilities, which Debtor leased from The Buncher Company ("Buncher"). *Id.* at ¶¶6-7.

As agreed upon by Debtor, Buncher, UniCredit Luxembourg, S.A. (Debtor's primary secured creditor), and approved by the Court, the Debtor was to vacate the business premises by January 15, 2014 (the "vacation date") and remove its personalty from the premises by that date as well. *See id.* at ¶8; Stipulated and Agreed Order entered November 7, 2013 (the "Vacation Order"), Case No. 13-21415, Doc. No. 222.[3] Prior to the vacation date, Debtor was provided the

---

[3] Debtor cites to the terms of the Vacation Order within its Amended Complaint. *See* Amended Complaint, at ¶¶8, 11. Further, as the Vacation Order is a matter of record in the Debtor's bankruptcy case, Debtor is clearly on notice of its existence and is not prejudiced by its consideration.

3

opportunity to conduct an auction of its personal property, equipment, and inventory located at the business premises. *See* Vacation Order. With respect to what was to occur following the auction, the Vacation Order provided as follows:

> b. All of the Debtor's personal property, equipment, and inventory shall be removed from the Property no later than 12:00 p.m. (EST) on January 15, 2014. The Debtor shall remove all personal property, equipment, and inventory from the Property at its own cost;
> c. The Debtor shall deliver the Property to Buncher no later than 5:00 p.m. (EST) on January 15, 2014. The Debtor shall be responsible for all repairs to the Property as a result of or caused by the removal of the personal property, equipment, and inventory and the Debtor shall deliver the Property to Buncher in broom clean condition;
> d. In the event the Debtor fails to deliver the Property to Buncher by 5:00 p.m. (EST) on January 15, 2014, Buncher shall be entitled to exercise its self-help remedies and/or seek immediate injunctive relief without first filing a state court complaint[.]

As the vacation date approached, certain property remained at the business premises, including property purchased by third parties at the auction as well as items belonging to Debtor. Amended Complaint, at ¶¶12, 14. Buncher cooperated with the third-party purchasers, including Defendants, and Debtor by allowing additional time beyond the vacation date to remove items. *Id.* at ¶12-14.

Leading up to the vacation date and through the vacation date, Debtor was involved in discussions with Defendants regarding the purchase of the Mirrors by the Defendants. *See id.* at ¶9. Defendants had purchased some of Debtor's equipment at the auction conducted at the business premises and expressed an interest in purchasing the Mirrors as well. *Id.* at ¶10. Despite these ongoing discussions and Buncher's cooperation with Debtor for the orderly removal of property beyond the vacation date, Defendants took the Mirrors after the vacation date without notification or payment to Debtor. *Id.* at ¶¶15-16. Rather than purchasing the Mirrors from Debtor, Defendants approached *Buncher* directly and sought to obtain the Mirrors along with the items Defendants

had purchased at the auction. *Id.* at ¶16. As Debtor detrimentally relied on discussions it had with Defendants to purchase the Mirrors, Debtor lost the opportunity to pursue a sale to another party or arrange for orderly removal of the Mirrors. *Id.* at ¶¶20-22. Accordingly, Debtor seeks to recover $125,000.40 on the basis of unjust enrichment and turnover.

Analysis

To state a claim for unjust enrichment, a plaintiff must plead facts in support of the following elements: "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Seitz v. 6130 West, LLC* (*In re Joey's Steakhouse, LLC*), 474 B.R. 167, 186 (Bankr.E.D.Pa. 2012). In other words, one party must receive the benefit at the expense of the other. *Id.* Accordingly, in this case, the estate must have maintained an interest in the Mirrors when Defendants obtained them in order for the Defendants to have been unjustly enriched at the expense of the estate. Likewise, an "essential element of a turnover action is that the property sought…is, in fact, property of the estate." *Id.* at 188.

Thus, Debtor's success in this adversary proceeding is dependent upon whether the Mirrors remained property of the estate following the vacation date when Defendants obtained possession. In order to demonstrate an entitlement to recovery, Debtor contends that the Mirrors remained property of the bankruptcy estate at the time Defendants took the Mirrors without payment. To the contrary, Defendants contend that the Mirrors were not property of the Debtor's estate at the time of the transfer to Defendants and thus Debtor is unable to state a claim for unjust enrichment or turnover. *See* Defendants' Brief in Support (Doc. No. 55-1), at 1. Despite Debtor pleading that "[t]he Mirrors remained property of the Debtor's Estate at the time the Defendants took same

without payment to the Debtor[,]" (*see* Amended Complaint, at ¶17), as set forth above, the Court may consider the Vacation Order in resolving this Motion to Dismiss. Here, the issue is resolved by the terms of the Vacation Order; however, a brief recitation of the procedural history leading up to the entry of the Vacation Order is helpful in understanding the unique circumstances in this case.

Following an evidentiary hearing, the Court granted Buncher relief from stay with respect to the leased premises on October 2, 2013. *See* Memorandum Opinion and Order, Case No. 13-21415, Doc. Nos. 174 and 175. The decision was followed by the filing of three motions by the Debtor: (1) *Motion to Reopen and Supplement Record*, (2) *Motion for Reconsideration of Order of Court Dated October 2, 2013*, and (3) *Motion for Continuation of Stay Pending Ruling on Reconsideration and Request for an Expedited Hearing in Regard to Same*. *See* Case No. 13-21415, Doc. Nos. 187-189. Notably, in requesting a continuation of the stay, Debtor stated its concern that Buncher would "utilize self-help landlord remedies" potentially resulting in the ruination of Debtor's equipment and inventory located at the business premises. *See* Case No. 13-21415, Doc. No. 189, at ¶8. Ultimately, the motions, and particularly Debtor's concerns regarding its equipment and inventory, were resolved by the filing of a proposed stipulated and agreed order. *See* Case No. 13-21415, Doc. No. 218. The proposed order was approved by the Court and served on the mailing matrix (Case No. 13-21415, Doc. No. 228) with an opportunity for objection and hearing. As no objections were filed, that Order, the Vacation Order, became final.

A court's interpretation of its order is given great deference. *See Wells Fargo Bank N.A. v. Ashley Business Park LLC*, 548 F.App'x 791, 793 (3d Cir. 2013). Generally, interpretation is resolved by looking to the "four corners of the document." *See id.* at 794. Here, the terms of the Vacation Order are clear: a deadline was provided for Debtor to remove all of its property from

6

the business premises and failure to remove the property by said deadline permitted Buncher to exercise self-help remedies which, as set forth above, Debtor acknowledged may result in the loss and ruination of the property. The extensively negotiated agreement approved as an Order of Court clearly permitted Buncher to take broad, necessary action, without limitation or further Order of Court, as to any remaining property. Notably, to what extent Buncher *authorized* the removal of the Mirrors by Defendants is not determinative here.[4] The fact that Buncher was granted such unfettered authority with respect to remaining property leads to only one conclusion: the estate had no interest in said property as of the passing of the applicable deadline. This conclusion is bolstered by the record of the case – both the events leading up to the entry of the Vacation Order and the events that followed.

The fact that Buncher may have been cooperating with Debtor beyond the vacation date does not amend the applicable terms of the Vacation Order nor did the successive hearings on Buncher's *Request for Emergency Status Conference* ("Emergency Motion," Case No. 13-21415, Doc. No. 300) seeking to enforce the terms of the Vacation Order.[5] The proceedings are matters of record in Debtor's bankruptcy case. Debtor was extensively involved in those proceedings, and the Court will not recount the procedural history at length herein. Notably, the Emergency Motion was based upon the existence of hazardous materials that had to be removed from the premises

---

[4] *Even if* the extent of Buncher's authorization was relevant to this analysis, Debtor fails to plead that Buncher *did not* authorize Defendants' actions. Debtor appears to concede that Buncher had authority to remove property from the premises following the vacation date. While Debtor alleges generally that Buncher cooperated with Debtor beyond the applicable deadline, Debtor further alleges that Defendants approached Buncher directly to obtain the Mirrors leaving open the question of whether Buncher provided such authorization. Without more, Debtor seems to insinuate that such authorization would be inconsistent with Buncher's ongoing cooperation with Debtor. Notably, Buncher is not a party to this action and Debtor has not otherwise sought relief against Buncher with respect to the Mirrors.

[5] Further, accepting as true that Buncher cooperated with Debtor regarding the removal of property after the vacation date does not equate to an allegation that Buncher agreed to extend the time for Debtor to remove all of its remaining property nor does it mean that Buncher agreed to pass up an opportunity to rid itself of some remaining property when provided with an opportunity to do so and without incurring any cost.

before said premises could be returned to Buncher in compliance with the Vacation Order. After numerous status conferences on the Emergency Motion, a Stipulated and Agreed Order ("Stipulated Order," Case No. 13-21415, Doc. No. 342) was entered providing for the removal of hazardous materials from the premises. The Stipulated Order *reaffirmed* the provisions of the Vacation Order by providing: "It is hereby agreed that except as otherwise set forth in this Stipulated Order, the [Vacation] Order remains in full force and effect." The Stipulated Order did not extend the time for Debtor to remove property, specifically the Mirrors, from the business premises nor did it restrict the previous authorization granted to Buncher to exercise self-help remedies following the vacation date. Rather, the Stipulated Order addressed the removal of the hazardous materials.

## Conclusion

Based on the foregoing, Debtor failed to plead facts, and in fact cannot plead facts based upon the record of this case and the terms of the Vacation Order, establishing that Defendants were unjustly enriched at the expense of the estate or that the estate is entitled to turnover of the Mirrors or their value. Accordingly, the Motion to Dismiss must be granted. An Order will be entered consistent with this Memorandum Opinion.

Date: <u>May 3, 2018</u>                                   <u>   /s/ Carlota M. Böhm         </u>
                                                          Carlota M. Böhm
                                                          United States Bankruptcy Judge

**MAIL TO:**

John P. Lacher, Esq., and Robert O Lampl, Esq.

FILED
5/3/18 1:40 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

American International Development, LLC
Attn: David Busby
PO Box 75900
Los Angeles, California 90075

David Busby
PO Box 75900
Los Angeles, California 90075

American International Development, LLC
Attn: David Busby
15300 Ventura Boulevard, Suite 315
Sherman Oaks, CA 91403

David Busby
15300 Ventura Boulevard, Suite 315
Sherman Oaks, CA 91403